UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL WATZ and KAY WATZ,

    Plaintiffs,                                  Case No. 12-15245

v.                                                Hon. Gerald E. Rosen

WAL-MART STORES EAST, LP,
DEBBIE BORST, and THERESA
LEDBETTER,

    Defendants.
_____/

**OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION FOR REMAND**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    April 12, 2013

PRESENT:    Honorable Gerald E. Rosen
                        Chief Judge, United States District Court

### I. INTRODUCTION

On January 26, 2012, Plaintiffs Darrell and Kay Watz commenced this suit in state court, asserting claims of disability discrimination under Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"), Mich. Comp. Laws § 37.1101 *et seq.,* against Mr. Watz's employer, Defendant Wal-Mart Stores East, LP, and two of his supervisors, Defendants Debbie Borst and Theresa Ledbetter. The case remained in state court for nearly a year, until Plaintiffs filed a third amended complaint in November of 2012 that

included, for the first time, claims arising under the federal Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Upon this assertion of federal claims, Defendant timely removed this suit to this Court on November 29, 2012.

Through the present motion filed on January 18, 2013, Plaintiffs now request that they be permitted to voluntarily dismiss their federal ADA claims, and that this case then be remanded to state court for resolution of their remaining state-law claims. Defendants have filed a response in opposition to this motion, observing that this case was properly removed on the basis of federal claims expressly asserted in Plaintiffs' third amended complaint, and arguing that Plaintiffs' present request to dismiss these federal claims and remand this case is an effort at "forum manipulation" that the Court should not reward.

Having reviewed the parties' briefs in support of and opposition to Plaintiffs' motion, as well as the remainder of the record, the Court finds that the relevant facts, allegations, and legal arguments are adequately presented in these written submissions, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Plaintiffs' motion "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. For the reasons stated below, the Court finds that Plaintiffs' motion should be granted, and this case remanded to state court for resolution of Plaintiffs' remaining state-law claims.

## II. ANALYSIS

As the Sixth Circuit has explained, "[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance International, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004). In this case, then, the presence of federal claims in Plaintiffs' third amended complaint supported Defendants' removal of this case to this Court — as well as this Court's exercise of subject matter jurisdiction following removal — and Plaintiffs acknowledge that the dismissal of these claims would not divest the Court of subject matter jurisdiction over Plaintiffs' remaining state-law claims. *See Carlsbad Technology, Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 639-40, 129 S. Ct. 1862, 1866-67 (2009). Rather, upon Plaintiffs' election to dismiss their federal ADA claims, it is left to this Court's discretion whether to exercise supplemental jurisdiction over Plaintiffs' state-law claims, or whether to instead decline to exercise this jurisdiction and remand this case to state court. *See* 28 U.S.C. § 1367(c)(3); *see also Carlsbad Technology,* 556 U.S. at 639-40, 129 S. Ct. at 1866-67; *Harper,* 392 F.3d at 211.

In a recent ruling, this Court surveyed the Sixth Circuit case law that governs this inquiry:

> The Sixth Circuit has identified a number of factors to consider in making this discretionary decision. First, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Harper,* 392 F.3d at 211 (internal quotation marks and citations omitted). This Court "also may consider whether the plaintiff has used manipulative tactics to defeat removal and secure a state forum, such as

> simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case." 392 F.3d at 211 (internal quotation marks and citation omitted). More generally, the Sixth Circuit has stated as a "rule of thumb" that "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Federal Express Corp.,* 89 F.3d 1244, 1254-55 (6th Cir. 1996).

*Chelten v. Wells Fargo Bank, N.A.,* No. 11-12369, 2011 WL 3706624, at *1 (E.D. Mich. Aug. 23, 2011).

In *Chelten,* 2011 WL 3706624, at *2, this Court determined that these considerations supported a remand to state court upon the plaintiffs' dismissal of their sole federal claim. The Court explained:

> First, Plaintiffs acted relatively quickly to seek the dismissal of their federal . . . claim and the remand of this action, filing the present motion just over a month after removal . . . . During the brief time this case has been pending before the Court, there has been no Rule 16 scheduling conference, nor has the Court had any occasion to conduct any proceedings or issue any rulings (apart from the present decision, of course). Thus, the interests of judicial economy would not be served by the Court exercising supplemental jurisdiction over Plaintiffs' state-law claims. *See Gamel v. City of Cincinnati,* 625 F.3d 949, 952-53 (6th Cir. 2010) (affirming a district court's decision to remand a case to state court after the plaintiffs had voluntarily dismissed all of their federal claims, where this dismissal occurred within a few days after removal, and there had been no discovery or filing of dispositive motions). Rather, this exercise of jurisdiction instead would result in needless federal court rulings on exclusively state-law issues.

*Chelten,* 2011 WL 3706624, at *2; *see also Packard v. Farmers Insurance Co.,* No. 10-3023, 423 F. App'x 580, 584-85 (6th Cir. May 19, 2011) (finding that "comity and the interest in judicial economy favored remand" where, although the case had been pending

in federal court for three years and the defendant had moved for summary judgment, "the parties had not exerted substantial time or effort in briefing the merits of the state law causes of action" that remained after the plaintiffs' dismissal of their sole federal claim).

Nearly all of these same factors are present here. Plaintiffs brought their present motion for remand in mid-January of 2013, less than two months after removal. Even this relatively brief period cannot be viewed as delay, where Plaintiffs and their counsel spent much of this time awaiting a response from defense counsel as to whether Defendants would oppose their request for a remand. In addition, while the Court has conducted a Rule 16 conference and issued a scheduling order, it has not yet been called upon to address or rule upon any substantive issues, and no dispositive motions have been filed.

Indeed, this case features at least one additional consideration, not present in *Chelten,* that lends further support to Plaintiffs' request for a remand. Although Plaintiffs and Defendants differ as to exactly how much progress was made while this case was pending in state court, the fact remains that the state court presided over this suit for almost a year prior to its removal, and Defendants acknowledge that the parties engaged in at least some discovery efforts and had arranged for facilitative mediation in the course of the state court proceedings. Against this backdrop, there are no grounds for believing that the interests of judicial economy would be better served through this Court's continued exercise of supplemental jurisdiction over Plaintiffs' state-law claims, where the state court is at least as familiar with the issues implicated by these claims. Moreover, it would run counter to considerations of comity for this Court to "needlessly decid[e]"

5

Plaintiffs' state-law claims, *Harper,* 392 F.3d at 211 (internal quotation marks and citation omitted), where a state forum stands ready and able to rule on the "exclusively state-law issues" that remain in the wake of Plaintiffs' dismissal of their ADA claims, *Chelten,* 2011 WL 3706624, at *2.

Against these factors favoring remand, Defendants suggest that the Court should retain jurisdiction over Plaintiffs' state-law claims in order to avoid rewarding them for their attempt at "forum manipulation." (Defendants' Response Br. at 10.) Yet, the Court addressed (and rejected) precisely this same argument in *Chelten.* In particular, the Court assumed that the defendants in that case were correct in their "suspicions as to the motives behind" the plaintiffs' request to dismiss their sole federal claim and remand their remaining state-law claims to state court,[1] but nonetheless concluded that "this alone would not suffice to override the Sixth Circuit's 'rule of thumb' and tip the balance in favor of the exercise of supplemental jurisdiction here." *Chelten,* 2011 WL 3706624, at *2. The Court explained:

> In *Gamel,* 625 F.3d at 953, the district court determined that the plaintiffs had engaged in "forum manipulation," but "decided that this factor alone was not sufficient to warrant retaining jurisdiction over the state-law claims." The Sixth Circuit affirmed this ruling, holding that the court below had "properly considered the relevant . . . factors in deciding not to exercise supplemental jurisdiction over the [plaintiffs'] state-law claims." *Gamel,* 625 F.3d at 953. In *Harper,* 392 F.3d at 211, in contrast, a finding of forum

---

[1] Although Defendants read *Chelten* as determining that the plaintiffs in that case "had *not* engaged in forum manipulation," (Defendants' Response Br. at 10), *Chelten* expressly recognizes that the plaintiffs' "decision to dismiss their federal . . . claim [wa]s presumably motivated in part by a desire to return to a preferred state court forum." *Chelten,* 2011 WL 3706624, at *2.

> manipulation was coupled with several other factors that favored the exercise of supplemental jurisdiction: namely, the case "had been on the district court's docket for a substantial amount of time (11 months); the parties had completed discovery; [the plaintiff] did not abandon his federal claim until he filed his amended complaint [following the district court's denial of the plaintiff's first motion for remand]; and Defendants' summary judgment motions were ripe for decision."
>
> Plainly, the facts and circumstances here are far more similar to those in *Gamel* than those in *Harper*. Because this case is in its very early stages, with the Court not having yet issued any substantive rulings or gained any particular familiarity with Plaintiffs' claims, and because the record of forum manipulation is mixed at best, the Court readily concludes that it should decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims, and that this case should instead be remanded to state court upon the dismissal of Plaintiffs' sole federal claim.

*Chelten,* 2011 WL 3706624, at *2-*3. For the reasons already explained, the Court finds that this case, like *Chelten,* features facts and circumstances "far more similar to those in *Gamel* than those in *Harper,*" such that remand is warranted upon the dismissal of Plaintiffs' federal ADA claims.

Finally, Defendants argue that the Court should deny Plaintiffs' request for leave to dismiss their federal claims — and thereby defeat the sole basis for remand identified in Plaintiffs' motion — in light of the purported "bad faith" exhibited by Plaintiffs through their "attempt to manipulate the forum." (Defendants' Response Br. at 6.) Once again, however, *Chelten* and the Sixth Circuit precedent upon which it rests have rejected the broad proposition that a plaintiff's preference for a state forum, standing alone, provides a basis for insisting that a case go forward in federal court. Moreover, although it is true that Plaintiffs' federal ADA claims and state-law claims under the PWDCRA

7

rest upon essentially the same facts and are governed by similar legal standards, the Court cannot accept Defendants' suggestion that it would be "unfair" to them if Plaintiffs were permitted to pursue their claims under only one of these two statutes, while abandoning a second available avenue of recovery in an effort to return to a preferred state forum. Certainly, Defendants have failed to indicate how they are in a significantly different or worse position than if Plaintiffs had elected never to assert a federal ADA claim in the first instance. Finally, the cases cited by Defendants in support of their claim of "bad faith" amendment are readily distinguishable as featuring far more egregious attempts at forum manipulation, where the plaintiffs in those cases sought to deny the defendants a preferred federal forum without surrendering any claim or advantage that had given rise to federal jurisdiction. *See, e.g., Medison America, Inc. v. Preferred Medical Systems, LLC,* No. 07-6740, 357 F. App'x 656, 659-60 (6th Cir. Dec. 18, 2009) (affirming the district court's denial of the plaintiff's motion to amend its complaint by dismissing its federal claims, where the plaintiff had "brought this case in federal court and then filed essentially the same suit in state court two years later in a brazen attempt to forum-shop," so that the plaintiff's proposed jurisdiction-stripping amendments were "a transparent attempt to manipulate the court's jurisdiction nearly two years after [the plaintiff] itself had invoked that jurisdiction"); *Eastman v. Peggs Co.,* No. 08-12036, 2008 WL 2714429, at *2 (E.D. Mich. July 8, 2008) (denying leave to amend a complaint to add a non-diverse defendant, where it was clear from the allegations of the plaintiff's initial complaint that "at the time the case was filed in state court, Plaintiff had every reason to know of [this

additional defendant] and any potential claims against him individually").

### III. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' January 18, 2013 motion to dismiss ADA claims and to remand to state court (docket #11) is GRANTED.

s/Gerald E. Rosen<br>
Chief Judge, United States District Court

Dated: April 12, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 12, 2013, by electronic and/or ordinary mail.

s/Julie Owens<br>
Case Manager, (313) 234-5135